KARL M. SCHAAF, Plaintiff-Appellee, *v.* ILA M. SCHAAF, Defendant-Appellant.

(No. 70-102; )

Second District—March 1, 1971.

Berry, Simmons & Coplan, of Rockford, for appellant.

Reno, Zahm, Folgate & Skolrood, of Rockford, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant, Ila M. Schaaf, appeals from a decree which awarded a divorce to her husband, Karl M. Schaaf. The husband filed suit for divorce on July 3, 1969, on the ground of desertion that commenced in February, 1965. The chancellor found for the plaintiff and the defendant appeals.

Defendant contends that, in February, 1965, on his own volition and without any reasonable cause, the plaintiff left her. Secondly, defendant claims that a reasonable cause, which justifies a husband or wife to desert or abandon the other, must be such as would entitle the party abandoning the other to a divorce; that since plaintiff did not have the requisite reasonable cause, he was not entitled to a divorce. Thirdly, defendant contends that the separation was by mutual consent and that plaintiff was therefore not entitled to a divorce on the grounds of desertion.

At the hearing, only the plaintiff and defendant testified. The testimony pertinent to this appeal, is as follows:

In February, 1965, as a result of a quarrel, the defendant had the plaintiff arrested. Some few days later the plaintiff left the marital home. In July, 1965, the plaintiff informed the defendant that he intended to return to the home, but she responded, "no, absolutely not." Again, in October or November, 1965, when he attempted to return, she said, "you wait." During this period, the plaintiff had been giving the defendant $1000 a month.

In March, 1966, there was a conference between the parties at the office of defendant's attorney. The defendant claims that, at that time, they entered into an agreement to live separate and apart; that the plaintiff gave her $3565 and agreed to resume monthly payment of $1000, commencing May, 1967. The plaintiff stated that he was paying defendant's support because he had been threatened with legal proceedings.

The plaintiff testified that, in April, 1966, and April, 1967, he tried to go back with his wife and, on both occasions, she refused; that, for approximately two or three years before the hearing, the defendant had not been living in the marital home but in a motel or an apartment; and that she had changed the locks on the doors of the marital home so that he could not get in.

The defendant stated that she had two places of residence, one being the apartment and the other the marital home; that she left the marital home because of health problems, the problem of maintaining the home and because of the high crime rate in Rockford; and that she went to the home every day that she was in Rockford. She denied that she changed the locks to keep the plaintiff out, maintaining that the locks had deteriorated to the point where they had to be replaced.

On cross-examination, plaintiff stated that he was now unwilling to return home to his wife, as, for fifteen years, he had done all the cooking, cleaning, and washing and was now through with it.

Mrs. Schaaf testified that she wanted her attorney to issue an order to keep the plaintiff from returning home because she felt that "* * * without help, without counseling, the thing would just happen all over again." She felt that "separation was essential" if their efforts to work out their problems were to succeed but, in conclusion, stated that she was willing to do whatever was necessary to maintain the marriage.

The parties in the case at bar have laid great stress on the point of whether or not the plaintiff had "reasonable cause" to leave the marital home in February, 1965. Defendant has cited numerous authorities to stress the point that a reasonable cause, which justifies a husband or wife to abandon or desert the other, must be such as would entitle the party, guilty of abandoning the other, to a divorce. The plaintiff, having also cited numerous authorities, submits it is clear that the Illinois courts no longer adhere to such requirements.

This court is of the opinion that the authorities cited by both parties in the case at bar are not controlling. We feel that the desertion question can be decided without reference to the fact of whether or not the plaintiff was justified in leaving the marital home in February, 1965. Admittedly, plaintiff left the marital home at that time without being asked to leave. If, commencing that date, the plaintiff was the deserter, it is nevertheless uncontroverted that he tried to go back to the marital home on various subsequent occasions.

The door for good faith repentance and return of a deserting spouse must be kept open; if it is closed when an offer to return is made in good faith, not only is original desertion terminated but the spouse originally offended may, from that time forward, be the offender. *Silverstein v. Silverstein* (1913), 178 Ill.App. 145, 150.

Defendant contends that plaintiff never made a good faith offer to return to the marital home. Although defendant has submitted no authority on this particular point, it was suggested during oral argument that the plaintiff should have, at the times he attempted to return, stated that "he wanted to live with her because he loved her, that he would treat her with conjugal kindness, that he would not strike her again and that he would control his drinking."

■■ In a divorce action based upon desertion, the question of whether, after leaving the marital home, a spouse intended to return or not return or, whether the separation was or was not by mutual consent, must be determined from the facts of the individual case. Such facts may be inferred from the conduct of the parties themselves. (*Lemon v. Lemon*

(1958), 14 Ill.2d 15, 21.) No particular words or group of words are determinative.

■■ Plaintiff's repeated overtures must be viewed as constituting a *bona fide* attempt to return to the marital home. Defendant's rejections of those attempts were sufficient to commence the desertion on her part. If we were to only consider the date of the last rejected overture, being April, 1967, more than one year elapsed before the filing of the complaint herein. Therefore, the trial court was correct in holding that the defendant deserted the plaintiff.

We next turn our attention to defendant's last point. She contends that the separation was by mutual consent and therefore the plaintiff was not entitled to a divorce on the grounds of desertion. (*Maxwell v. Maxwell* (1948), 333 Ill.App. 625, 629.) The defendant relies on the claim that, in March, 1966, in her attorney's office, an oral agreement had been reached whereby plaintiff agreed to pay defendant support and agreed to live separate and apart.

On cross-examination, the plaintiff admitted that negotiation of such an agreement was attempted by defendant's attorney but was never reduced to writing for his signature. Later, on redirect examination, he stated that all he was doing was paying her support because they were threatening proceedings if he did not support her. After a thorough reading of the record, this court feels that the separation was not by mutual consent. The record reveals that plaintiff tried to return to the marital home both before and after the conference in the attorney's office. By making support payments the plaintiff simply yielded to the necessities of the case and had no alternative except to live separate and apart. (*Gillespie v. Gillespie* (1966), 70 Ill.App.2d 38; *Parker v. Parker* (1887), 28 Ill.App. 22, 25.) The fact that the plaintiff was not willing to return to the marital home with the defendant at the time of the hearing has no bearing on the case.

Having ruled that the defendant became the offender and that the plaintiff was not the deserter but the deserted, coupled with our ruling that the separation was not with the consent of the plaintiff, the decree of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON and GUILD, JJ., concur.